UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MID-AMERICAN GUNITE, INC.,

       Plaintiff,                                      Case No. 06-11204

v.                                                     Hon. Bernard A. Friedman

SAUEREISEN, INC.,

       Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

**I.    Introduction**

This motion requires interpretation of Michigan's economic loss doctrine, which bars economic claims that sound in tort. Based on this doctrine, Defendant, Sauereisen, Inc., has filed a motion to dismiss two counts of Plaintiff, Mid-American Gunite, Inc.'s, complaint.

Plaintiff's complaint arises out of Defendant's sale of Epoxy Grout No. F-150 ("Epoxy Grout") to Plaintiff. Plaintiff alleges that Defendant recommended the use of its Epoxy Grout in connection with Plaintiff's repair of a tank at U.S. Steel Great Lakes' facility in Ecorse, Michigan ("the Project"). Plaintiff alleges that it entered into an agreement to purchase the Expoxy Grout as a result of, and relying on, Defendant's representations regarding the use and suitability of the Epoxy Grout for the Project.

Plaintiff further contends that after using the Epoxy Grout, the tank began to leak in several places, which was the alleged result of Epoxy Grout's failure to adhere to the concrete foundation of the tank.

Plaintiff's Complaint seeks to recover for the contract price and cost of repairs incurred as a result of the damages brought on by Epoxy Grout's failure. Plaintiff's complaint contains causes of action for (Count I) Breach of contract/warranties; (Count II) Fraud/misrepresentation; and (Count III) Fraud in the inducement.

## II.    Analysis

Defendant, in its motion, argues that Plaintiff's fraud/misrepresentation and fraud in the inducement claims, each of which sound in tort, are barred by the economic loss doctrine, as Plaintiff seeks solely to recover economic losses on those claims. Defendant argues that those claims should be dismissed.

Pursuant to the economic loss doctrine, Michigan courts deny tort claims where only economic loss is sustained. Cargill, Inc. V. Boag Cold Storage Warehouse, Inc., 71 F.3d 545 (6th Cir. 1996). The rule is that where the relationship between the parties is contractual, and where no personal injury or damage to property has occurred, the buyer's rights are limited to those provided by the Uniform Commercial Code. McGhee v. General Motors, 296 N.W.2d 286, 291 (Mich. App. 1980).

The Michigan Supreme Court has explained the rationale for the economic loss doctrine as follows:

> Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic losses.' This doctrine hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts.

Neibarger v. Universal Coop., Inc., 486 N.W.2d 612, 165 (Mich. 1992).

The *Neibarger* Court further explained, "If a commercial purchaser were allowed to sue

in tort to recover economic loss, the UCC would be rendered meaningless and contract law would drown in a sea of tort." Id. at 618.

The exception to this doctrine is in cases of fraud in the inducement. This exception is available where a fraud in the inducement claim is independent of the contractual claims. This exception to the economic loss doctrine applies only in narrow circumstances:

> The 'fraud in the inducement' exception applies only where the fraud in question is extraneous to the contract. A fraud is interwoven with the breach when the misrepresentations alleged by plaintiff relate solely to the quality and characteristics of defendant's product. In those cases, the misrepresentations relate to the breaching party's performance of the contract, and do not give rise to an independent cause of action in tort.

Wright Tool Co. v. Chemchamp North American Corp., 185 F.Supp.2d 781, 784 (E.D.Mich. 2002).

The fraud in the inducement exception is limited to claims of misrepresentation regarding matters *other than* the quality or character of the goods sold. Huron Tool and Engineering Co. v. Precision Consulting Services, Inc., 209 Mich. App. 365, 373 (1995).

Both parties agree with the meaning of the economic loss doctrine. They also agree that there is a "fraud in the inducement" exception to the economic loss doctrine. Their disagreement arises with whether the fraud in the inducement exception applies to Plaintiff's case.

Plaintiff argues that the parties' pre-contract negotiations constitute fraud in the inducement. Therefore, Plaintiff argues, Counts II and III should not be dismissed. According to Plaintiff, the pre-contract representations that Defendant made in selling its product to Plaintiff do not merely concern a quality or performance issue, but are the fundamental reason Plaintiff decided to enter into negotiations with Defendant at all. Plaintiff argues that Defendant's very qualifications to provide Plaintiff with a suitable product are at issue, and if Defendant misrepresented its qualifications, it committed fraud. Plaintiff claims that Defendant

intentionally or recklessly made false representations concerning Defendant's qualifications and ability to provide a product to Plaintiff for the Project.

Plaintiff's arguments, however, are not supported by its complaint. Plaintiff's complaint does not contain any allegations that Defendant was not qualified to provide Plaintiff with an appropriate product. The fraud claims in Plaintiff's complaint arise solely from Defendant's representations regarding the quality and characteristics of its products. Plaintiff does not allege that Defendant misrepresented its qualifications to sell the product. The representations in Plaintiff's complaint, including at Paragraphs 16, 17, 28, 29 and 34, are clearly about the "quality and characteristics" of the Epoxy glue, and do not address Defendant's "qualifications or ability" to provide an appropriate product. For example, Paragraph 16 speaks of the representations made by Defendant regarding the product's ability to adhere to the foundation of the tank; Paragraph 17 refers to the product's defectiveness and failure to perform; and Paragraph 28 speaks of Defendant's "false representations that the Epoxy Grout was the most suitable and appropriate grout for the Project."

Defendant correctly argues that the economic loss doctrine prohibits counts II and III of Plaintiff's complaint. Plaintiff's complaint fails to state the claims upon which it now argues that the fraud in the inducement exception applies, and therefore, the fraud in the inducement exception is not applicable to the facts at hand.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint is GRANTED.


Dated: May 19, 2006         _a/Bernard A. Friedman_____
       Detroit, Michigan    BERNARD A. FRIEDMAN
                            CHIEF UNITED STATES DISTRICT JUDGE


**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
       Patricia Foster Hommel
    Secretary to Chief Judge Friedman**